IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOBY MAHER and LAURA LEA MAHER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE AND CASUALTY ) <br> COMPANY and TERRY M. AMACHER, ) <br> ) <br> Defendants. ) | Case No. CIV-25-81-PRW |

## **ORDER**

Before the Court is Plaintiffs' Motion to Remand (Dkt. 16), seeking an order remanding this case to the District Court of Oklahoma County pursuant to 28 U.S.C. § 1447(c). Defendant State Farm Fire and Casualty Company responded (Dkt. 19), and Plaintiffs replied (Dkt. 20). For the reasons given below, the Court **GRANTS** the Motion (Dkt. 16).

*Background*

Plaintiffs filed this case before the District Court of Oklahoma County, Oklahoma, asserting claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing. The claims arise out of State Farm's handling of Plaintiffs' hail damage claim under a homeowner's policy issued by State Farm. Plaintiffs also assert a claim of negligent procurement of insurance against Defendant Terry Amacher, a captive State Farm agent involved in procuring, binding, and renewing the policy. Finally,

1

Plaintiffs also assert a claim of constructive fraud and negligent misrepresentation against both Defendants.

State Farm removed the case to this Court based on diversity of citizenship of the parties. State Farm concedes that Plaintiffs and Defendant Terry Amacher are all citizens of Oklahoma but argues that Plaintiffs fraudulently joined Amacher, and therefore that his citizenship should be disregarded for purposes of the diversity analysis. Plaintiffs filed the Motion (Dkt. 16), disputing that Amacher is fraudulently joined.

## *Legal Standard*

To establish fraudulent joinder, State Farm "must show that there is no possibility of recovery by the plaintiffs against the instate defendant[]"[1]—here, Amacher. The Court must decide if there is a "reasonable basis to believe the plaintiff[s] might succeed in at least one claim against the non-diverse defendant."[2] "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff[s]."[3]

---

[1] *Hyman v. Travelers Home & Marine Ins. Co.*, No. CIV-13-820-D, 2014 WL 111942, at *1 (W.D. Okla. Jan. 10, 2014); *see Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("[T]he removing party must demonstrate . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This burden on Defendant comports with the normal rule that the removing party bears the burden of establishing federal jurisdiction. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("[Removing] Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal.").

[2] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

[3] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Typically, "removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal."[4] But where a party specifically alleges fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[5] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[6]

### *Discussion*

State Farm has incorrectly alleged actual fraud in Plaintiffs' pleading of jurisdictional facts.[7] Defendant has failed to make a showing that Plaintiffs' actions deprived them or nearly deprived them of the *ability* to challenge any possible improper joinder. Accordingly, Defendant must instead show "[the] inability of the plaintiff[s] to establish a cause of action against the non-diverse party in state court."[8] The Court finds

---

[4] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (cleaned up); *accord Hyman*, 2014 WL 111942, at *1.

[5] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[6] *Id.* (quoting *Dodd*, 329 F.2d at 85).

[7] *See* Def.'s Resp. to Mot. (Dkt. 19), at 11. Defendant's reliance on *Rodriguez* is inapposite here. *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F. Supp. 2d 901, 907-08 (W.D. Tex. 2005). There, plaintiffs intentionally misrepresented the appointment of a non-diverse administrator of an estate before both the appointment was made and the notice of removal was filed. *Id.* at 908. Core to the court's finding actual fraud was the defendant's "nearly losing the opportunity to complain about improper joinder due to the secrecy of the representation of the Estate and the Estate's role in [that] lawsuit." *Id.*

[8] *Dutcher,* 733 F.3d at 988.

that State Farm has failed to meet its heavy burden to show that there is no possibility of recovery against Amacher on Plaintiffs' negligent procurement and constructive fraud claims.

Plaintiffs assert that State Farm is engaged in a widespread scheme to systematically deny or underpay Oklahoma insureds for wind and hailstorm damage.[9] Crucially, the alleged scheme begins when State Farm's captive agents impliedly represent to the insureds that their properties meet State Farm's underwriting guidelines in their present condition at the time of binding replacement cost insurance policies.[10] Plaintiffs further allege that State Farm agents like Amacher then fail to inspect the insured property to confirm that there are no defects on the insured property that would result in subsequent claim denials.[11] Plaintiffs also assert that Amacher was aware of the scheme and failed to disclose it when he sold, procured, and bound coverage on Plaintiffs' property.[12] Plaintiffs also allege that they requested a policy from Amacher that would fully replace their roof without exclusion of weather-related losses.[13] Plaintiffs argue that by procuring and binding the coverage without limitation, Amacher "independently established, calculated, and set the Policy's replacement cost value and resultant policy limits."[14] This, per

---

[9] Pls.' Mot. Rem. (Dkt. 16) at 1.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 2.

[13] Pet. (Dkt. 1, Ex. 5), at 10.

[14] *Id.*

Plaintiffs, meant Amacher "inherently conveyed that such coverage limit was accurate, correct, commensurate with actual replacement costs, and represented 100% of the Insured Property's insurance to value."[15] Plaintiffs claim they were never made aware of State Farm's internal definitions of "hail damage," "wear and tear," and other related terms.[16]

On April 19, 2023, a hailstorm damaged Plaintiffs' insured property, Plaintiffs subsequently filed a timely claim with State Farm, and an adjuster reviewed the damage, Plaintiffs were offered "a low-ball claim payment" that represented only 10% of the cost to repair the roof.[17] A second inspection by State Farm provided the same conclusion from State Farm that the roof had "no noticeable damage."[18]

Based on the above-mentioned allegations, Plaintiffs have argued claims against Amacher for negligent procurement and constructive fraud and negligent misrepresentation. Plaintiffs detail several instances of Amacher's negligence in the Petition, including by failing to confirm that their property met State Farm's underwriting guidelines, knowingly procuring and renewing coverage that was materially different from that which Plaintiffs requested and did not accurately reflect the replacement cost value of the property, misrepresenting that the property was in good condition, and misrepresenting that the policy would cover all weather-related losses.

---

[15] *Id.*

[16] *Id.* at 11.

[17] *Id.* at 15–16.

[18] *Id.* at 16.

State Farm argues that Plaintiffs cannot make out claims for negligent procurement[19] or negligent misrepresentation and constructive fraud[20] against Amacher. State Farm attempts to cast doubt on the ability of Plaintiffs to show causation or damage in their claims by asserting the policy Plaintiffs purchased provided the level of coverage they originally sought, they did in fact have full coverage to replace qualifying roof damage, and State Farm simply denied a claim.[21]

To cast doubt, however, is not to render a case fit for "summary determination" or to prove it "with complete certainty."[22] In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiffs. Here, open questions remain regarding the scope of Amacher's role in procurement of the policy, whether Plaintiffs requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by Amacher, the existence and Amacher's knowledge of a widespread scheme to shortchange insured parties when making claims for

---

[19] Under Oklahoma law, "an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999).

[20] Under Oklahoma law, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." Okla. Stat. tit. 15, § 59.

[21] Not. Rem. (Dkt. 1), at 7.

[22] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

6

hail damage, and more. Upon review of the record, the Court cannot say that Plaintiffs' claims against Amacher have "no possibility" of succeeding.[23]

Plaintiffs have also moved for an award of attorney fees. Nonremoving parties may be entitled to recover their "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[24] However, an award of attorney fees is not appropriate "when the removing party has an objectively reasonable basis for removal."[25] While Defendant was unable to meet its high burden to demonstrate Plaintiffs' fraudulent joinder, the Court finds that the record presented an objectively reasonable basis for Defendant to have asserted removal. Accordingly, the Court declines to award attorney fees to the Plaintiffs.

### *Conclusion*

For the reasons given above, the Court concludes that State Farm has not met the high burden required to demonstrate fraudulent joinder. Accordingly, the Court **GRANTS**

---

[23] Both parties filed notices of supplemental authority directing the Court to recent orders in similar cases. In particular, State Farm notified the Court of three recent decisions by Judge Joe Heaton of the United States District Court for the Western District of Oklahoma that found fraudulent joinder. *See Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-0882-HE (W.D. Okla. Aug. 7, 2023), Dkt. 1; *Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-0885-HE (W.D. Okla. Aug. 7, 2023), Dkt. 1; *Baltasar v. State Farm Fire & Cas. Co.*, No. CIV-22-0928-HE (W.D. Okla. Aug. 8, 2023), Dkt. 1. In two of these cases the parties engaged in jurisdictional discovery, providing a firmer record of the fraudulent joinder issue. In the third, Judge Heaton found that the factual inconsistencies between the petition and the motion to remand were so substantial that they constituted "actual fraud in the pleading of jurisdictional facts." Given the high burden to establish fraudulent joinder, this Court cannot conclude that a similar outcome is warranted here.

[24] 28 U.S.C. § 1447(c).

[25] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Plaintiffs' Motion to Remand (Dkt. 16) and **DIRECTS** the Clerk to remand this action to the District Court for Oklahoma County, Oklahoma. Defendant State Farm's Motion to Dismiss (Dkt.3) and Motion for Leave to File Sur-reply (Dkt. 21), along with Defendant Amacher's Motion to Dismiss (Dkt.12) are **DENIED AS MOOT.**

**IT IS SO ORDERED** this 10th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE